08-1378-ag
Lin v. Holder

BIA
Ferris, IJ
A075 968 295
A098 776 209

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT:
>     JOHN M. WALKER, JR.,
>     ROBERT A. KATZMANN,
>     DEBRA ANN LIVINGSTON,
>          *Circuit Judges.*

_____

MIN LIN AND JIANWU WU,
>     *Petitioners,*

>     v.                                             08-1378-ag
>                                                    NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONERS:        John Chang, New York, N.Y.

FOR RESPONDENT:         Gregory G. Katsas, Assistant
                        Attorney General, Linda S. Wernery,
                        Assistant Director, Lindsay B.
                        Glauner, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

_____

[1]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Min Lin and Jianwu Wu, both natives and citizens of the People's Republic of China, seek review of the March 10, 2008 order of the BIA, affirming the October 16, 2006 decision of Immigration Judge ("IJ") Noel A. Ferris, which: (1) pretermitted Wu's application for asylum; (2) denied Lin's application for asylum; and (3) denied both petitioners' applications for withholding of removal. *In re Min Lin and Jianwu Wu*, Nos. A075 968 295, A098 776 209 (B.I.A. Mar. 10, 2008), *aff'g* Nos. A075 968 295, A098 776 209 (Immig. Ct. N.Y. City Oct. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified and supplemented by the BIA's decision, i.e., minus the arguments for denying relief that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of*

2

*Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As a preliminary matter, in their brief, petitioners do not challenge the agency's decision to pretermit Wu's application for asylum. In addition, petitioners do not challenge the agency's adverse credibility determination with respect to Lin's claim of past persecution. Therefore, the only issues remaining before us are whether the agency erred in finding that petitioners do not have a well-founded fear of future persecution based on the birth of their two U.S. children, and whether the IJ violated their due process rights.

With respect to petitioners' fear of forced sterilization based on the birth of their children, we find no error in the agency's conclusion that they failed to demonstrate their eligibility for relief. To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

3

Petitioners' arguments are based largely on evidence they submitted on appeal to the BIA. However, the BIA refused to consider that evidence because it was not previously unavailable. *See* 8 C.F.R. § 1003.2(c). Petitioners have abandoned any challenge to the agency's decision in that respect because they do not argue in their brief before this Court that the BIA abused its discretion by concluding that petitioners failed to demonstrate that their evidence was previously unavailable. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). As to the evidence petitioners submitted before the IJ, we have previously reviewed the agency's consideration of similar evidence and have found no error in its conclusion that it is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-65 (2d Cir. 2008). Thus, the agency did not err in finding that petitioners failed to establish eligibility for relief based on the birth of their children. *Id*.

Finally, we find no merit in petitioners' argument that the IJ violated their due process rights. Although we will remand "when an IJ's conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below," *Islam v. Gonzales,* 469 F.3d

4

53, 55 (2d Cir. 2006), the conduct Petitioners describe does not rise to that level.  While we agree with the agency that some of the IJ's comments, particularly regarding the birth of petitioners' children and petitioners' decision to send their children to China, were "unduly critical in tone," we have reviewed the transcript of the proceedings and do not find that these comments demonstrate such bias or hostility that we cannot conduct a meaningful review.  *See Francolino v. Kuhlman*, 365 F.3d 137, 143-44 (2d Cir. 2004) ("'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display' do *not* establish bias or partiality.") (quoting *Liteky v. United States,* 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L. Ed.2d 474 (1994)); *see also Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003) ("Although the language used by the IJ during the hearing . . . does reflect an annoyance and dissatisfaction with Abdulrahman's testimony that is far from commendable, [it] do[es] not rise . . . to a violation of due process."); *cf. Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006) (ordering remand "because of the IJ's apparent bias and hostility toward" the petitioner).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk